_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-00333-FWS-ADS                                              Date: February 28, 2024

Title: Westminster Special Needs Housing LP v. Essence Marie Nichols *et al.*

_____

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:                                   Attorneys Present for Defendants:

Not Present                                                                     Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISIDCTION AND DENYING AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS [2] AND EX PARTE APPLICATION TO REMAND [7]**

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation and internal quotation marks omitted). Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006).

When a suit originates in state court, a defendant may remove to federal court only when the suit could have been filed in federal court originally. 28 U.S.C. § 1441(a). "[T]he removal statute is strictly construed against removal jurisdiction," and the party invoking the removal statute bears the burden of establishing federal jurisdiction. *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)). "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hisp. Bus., Inc.*, 419 F.3d 1064, 1069 (9th Cir. 2005).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-00333-FWS-ADS                                Date: February 28, 2024
Title: Westminster Special Needs Housing LP v. Essence Marie Nichols *et al.*

      Diversity jurisdiction requires complete diversity between the parties and that the amount in controversy exceeds $75,000. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff."); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000."); *Lee v. Am. Nat. Ins. Co.*, 260 F.3d 997, 1004 (9th Cir. 2001) ("The diversity jurisdiction statute, as construed for nearly 200 years, requires that to bring a diversity case in federal court against multiple defendants, each plaintiff must be diverse from each defendant."). If a party is a partnership, limited liability company, or other unincorporated association, the court must consider the citizenship of each of the partners, including limited partners, or members, must be alleged. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *Johnson*, 437 F.3d at 899. If a party is a corporation, the complaint must allege both its state(s) of incorporation and principal place of business. 28 U.S.C. § 1332(c); *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012). If a party is a natural person, the complaint must allege their state of domicile, which is their permanent home, where they reside with the intention to remain or to which they intend to return. *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019).

      Federal question jurisdiction refers the court's original jurisdiction over civil actions "arising under" the Constitution, laws, or treaties of the United States. *Negrete v. City of Oakland*, 46 F.4th 811, 816 (9th Cir. 2022); 28 U.S.C. § 1331. A case "arises under" federal law when federal law creates the cause of action asserted or in limited circumstances where a state law claim presents a federal issue that is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 257-58. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted). Accordingly, federal question jurisdiction cannot be invoked based on an anticipated defense or counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 70 (2009).

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-00333-FWS-ADS  Date: February 28, 2024
Title: Westminster Special Needs Housing LP v. Essence Marie Nichols *et al.*

___

    Plaintiff purports to remove this case from state court based on federal question jurisdiction. (Dkt. 1 at 1-3.) However, the complaint in this case brings solely an unlawful detainer claim under state law in an amount that does not exceed $25,000. Accordingly, the court lacks diversity jurisdiction because the amount in controversy is insufficient, *see, e.g.*, *Matheson*, 319 F.3d at 1090, and lacks federal question jurisdiction because no claims pleaded in the *complaint* arise under federal law, *see Caterpillar*, 482 U.S. at 392; *see also Vaden*, 556 U.S. at 70.

    Because the court lacks subject matter jurisdiction over this matter, the court **REMANDS** this case to California Superior Court, Orange County. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.") (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). In light of this Order, the court **DENIES AS MOOT** Plaintiff's Application to Proceed In Forma Pauperis (Dkt. 2) and Defendant's Ex Parte Application to Remand Case (Dkt. 7).

    **IT IS SO ORDERED.**

___